MICHAEL T. LUCEY (SBN: 99927)
MICHAEL A. LAURENSON (SBN: 190023)
GORDON & REES LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

Attorneys for Defendants
THE REGENTS OF THE UNIVERSITY OF
CALIFORNIA and NANCY ASCHER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOM R. KARL, M.D.,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA and NANCY ASCHER,<br><br>　　　　　Defendants. | CASE NO. CV 09 0640<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (FEDERAL QUESTION)**<br><br><u>Request for Jury Trial</u> |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that defendant NANCY ASCHER hereby removes to this Court the state court action described below.

1. On October 31, 2008, an action was commenced in the Superior Court of the State of California in and for the County of San Francisco, entitled *Tom R. Karl, M.D., v. Regents of the University of California and Nancy Ascher,* as Case No. CGC-08-481485, alleging denial of procedural due process under 42 U.S.C. § 1983 and violation of the California Public Records Act. Attached hereto as Exhibit A is a true and correct copy of the Complaint.

2. On January 14, 2009, service of the Complaint was accomplished on defendant NANCY ASCHER by Notice and Acknowledgement of Receipt. A true and correct copy of the signed Notice and email forwarding same to plaintiff is attached hereto as Exhibit B.

-1-
NOTICE OF REMOVAL – CASE NO.

3. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is being filed within thirty days from the date on which it was determined by defendant NANCY ASCHER that the action was removable.

4. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by defendants pursuant to the provisions of 28 U.S.C. § 1441(b) in that it arises under 42 U.S.C. § 1983. This Court has supplemental jurisdiction over plaintiff's state law claim, pursuant to 28 U.S.C. § 1367(a), as that claim arises out of the same case or controversy.

5. Defendant THE REGENTS OF THE UNIVERSITY OF CALIFORNIA hereby joins in this Notice of Removal.

6. A copy of this Notice of Removal, without exhibits, is being filed with the Clerk of the Superior Court of the State of California in and for the County of San Francisco.

7. A copy of this Notice of Removal, without exhibits, is also being served on plaintiff.

Defendant requests a jury trial.

Dated: February 12, 2009

GORDON & REES, LLP

By: _____
Michael A. Laurenson
Attorneys for Defendants
THE REGENTS OF THE UNIVERSITY OF CALIFORNIA and NANCY ASCHER

EXHIBIT A

1  ANDREW THOMAS SINCLAIR (SBN 72681)
   SINCLAIR LAW OFFICE
2  Rotunda Building, Suite 160
   300 Frank H. Ogawa Plaza
3  Oakland, CA 94612
   Tel: (510) 465-5300
4  Fax: (510) 465-5356
   ats@sinclairlawoffice.com
5
   CHARLOTTE FISHMAN (SBN 88345)
6  LAW OFFICE OF CHARLOTTE FISHMAN
   100 Pine Street Suite 3300
7  San Francisco CA 94111
   Tel: (415) 217-7302
8  Fax: (425) 217-7307

9  Attorneys for Plaintiff TOM R. KARL, M.D.

CASE MANAGEMENT CONFERENCE SET

APR - 3 2009 - 9:00 AM

DEPARTMENT 212

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

UNLIMITED JURISDICTION

| | |
|---|---|
| TOM R. KARL, M.D., | NO. CGC-08-481485 |
| Plaintiff, | |
| v. | COMPLAINT FOR VIOLATION OF CALIFORNIA PUBLIC RECORDS ACT AND DEPRIVATION OF CIVIL RIGHTS |
| REGENTS OF UNIVERSITY OF CALIFORNIA, and NANCY ASCHER, M.D., in their individual and official capacities, and DOES, I through XX, inclusive, | |
| Defendants. | |

COMPLAINT FOR VIOLATION OF CALIFORNIA PUBLIC RECORDS ACT AND
DEPRIVATION OF CIVIL RIGHTS

## PARTIES

1. Plaintiff Tom R. Karl, M.D., is an internationally known and respected pediatric cardiothoracic surgeon. In 2001, he was recruited to the University of California, San Francisco, Department of Surgery, from Children's Hospital of Philadelphia with an offer of a guaranteed annual salary of $900,000 for five years, by Nancy Ascher, M.D.

2. Defendant Nancy Ascher, M.D. is and at all relevant times has been the chairperson of the UCSF Department of Surgery. Dr. Ascher is sued in her official capacity as Chair of the Department of Surgery and in her individual capacity.

3. Defendant Regents of the University of California is a public corporation organized and operating under the laws of the State of California. The Regents are sued with respect to the first cause of action only.

4. Plaintiff is unaware of the true names and capacities of Defendants sued herein as DOES, I through XX, inclusive, and therefore sues these Defendants under said fictitious names. Plaintiff is informed and believes and on that basis alleges that each DOE Defendant is responsible in some way for the wrongs alleged herein.

## JURISDICTION AND VENUE

5. This Court has jurisdiction under the laws of the United States and the laws of the State of California. Venue is proper in that the acts and occurrences alleged herein took place within the County of San Francisco.

## BACKGROUND

6. When defendant Ascher recruited plaintiff in 2001 to be Chief of the Division of Pediatric Cardiothoracic Surgery, she offered him an academic appointment in the Department of Surgery. Her letter states with respect to salary: "Salary: $900,000 per year guaranteed for five years. After five years, your salary will be established in negotiation with the Chair of the Department of Surgery."

7. At the time Dr. Karl was recruited, the pediatric cardio-thoracic surgery program at UCSF had essentially ceased to function. The prior surgical team, including two senior staff surgeons, all trainee fellows, and a surgical assistant, had left UCSF. Dr. Karl successfully

-1-

COMPLAINT FOR VIOLATION OF CALIFORNIA PUBLIC RECORDS ACT AND DEPRIVATION OF CIVIL RIGHTS

rebuilt the program and created an internationally known and respected Pediatric Heart Center at UCSF. He was praised by Dr. Ascher in a 2004 evaluation, in which she recommended him for promotion to Step III and a merit increase to $907,000.

8. The University's five-year commitment to Dr. Karl ended on October 31, 2006. At about this time, Dr. Ascher told Dr. Karl that she wanted him to step down as Chief of the Division of Pediatric Cardiothoracic Surgery. When Dr. Karl questioned her decision, Dr. Ascher refused to provide any reasons. On November 27, 2006, she sent an announcement saying, "Dr. Karl is no longer Division Chief of Pediatric Cardiothoracic Surgery..."

9. In the meantime, on November 9, 2006, Dr. Ascher told Dr. Karl in an e-mail, "We will need to meet to determine your salary." She met with Dr. Karl on November 14, 2006, and told him his new salary would be $375,000, retroactive to November 1. There was no pretense of negotiation. Dr. Ascher presented the new salary as a *fait accompli*. Dr. Karl told Dr. Ascher the figure was not acceptable.

10. On November 18, 2006, Dr. Karl proposed $600,000 as a fair salary, taking into account that he would no longer be Chief of the Division. Dr. Ascher refused to negotiate, telling Dr. Karl that if he did not accept the salary she proposed, she would decrease his salary to "base at scale", that is, $156,800.

11. On January 24, 2007, Dr. Ascher wrote to Dr. Karl, purporting to explain the actions she had taken with respect to his salary:

> Your initial appointment agreement indicates a 5-year contract with your salary to be determined by the Chair of the Department of Surgery. The Medical Center graciously provided a backstop for your salary for 5 years; which was an exception. At the end of that time you were made part of the compensation plan with a guaranteed X + Y. The Z, or incentive payment, is based on clinical productivity. I determined your X + Y based on salaries of adult and pediatric CT surgeons within our Department.

12. This letter did not accurately reflect plaintiff's employment status or the way in which his compensation was supposed to be determined. In July 1999, the Regents approved the *Health Sciences Compensation Plan* and required that it be implemented at all health science schools, including the UCSF School of Medicine. Contrary to Dr. Ascher's letter, plaintiff was,

-2-
COMPLAINT FOR VIOLATION OF CALIFORNIA PUBLIC RECORDS ACT AND
DEPRIVATION OF CIVIL RIGHTS

1   at all times after jointing the faculty in 2001, a member of the *Plan*. The *Plan* itself was, at all

2   times, by its own terms, a "term and condition" of his employment.

3        13.     The UCSF *School of Medicine Implementation Procedures* for the *Health

4   Sciences Compensation Plan* provide that each department "shall develop compensation plan

5   guidelines" and further requires that:

6         By July 1 of each fiscal year, each faculty member of the Plan shall
receive in writing from his/her department chair ... a Statement of Proposed
7   compensation for the forthcoming period July 1 – June 30. Base salary scale
assignment, additional compensation, and the methodology for calculating
8   Incentive/Bonus Compensation will be detailed

9       14.     The *Department of Surgery Implementation Guidelines* state:

10        By October of each fiscal year, each faculty member of the Plan shall
receive in writing from his or her Chair a Statement of Proposed Compensation
11   for the current fiscal period (July 1 – June 30). Base Salary scale assignment,
Additional Compensation, and the methodology for calculating and paying out all
12   types of Optional Additional Compensation must be detailed in this Statement.

13       15.     Neither by July 1, 2006, nor by October 2006, nor at any other time, did Dr. Karl

14   receive "in writing" a Statement of Proposed Compensation from Dr. Ascher (or anyone else in

15   the Department of Surgery).

16       16.     Under the Department of Surgery *Guidelines*, faculty compensation is comprised

17   of three components, the X-component, the Y-component, and the Z-component. The *Guidelines*

18   provide that the Y-component "will be negotiated with the Department Chair on an annual

19   basis," and further provide that "The methodology for establishing 'Y' is detailed in Attachment

20   1." According to Attachment 1, "Each individual will receive a negotiated salary component

21   based on their accomplishments (as applicable) in research, teaching, clinical service, and

22   administrative work over the past review period. The assessment of performance in these areas

23   will be by the Chair of the Department after consultation with appropriate faculty members."

24       17.     Contrary to the *Health Sciences Compensation Plan*, the *Implementation

25   Procedures*, and that *Guidelines*, defendant Ascher never negotiated plaintiff's compensation

26   with him. Rather, she unilaterally set his compensation, refused to discuss the methodology she

27   used to do so, and ignored his requests for information related to his compensation.

28

COMPLAINT FOR VIOLATION OF CALIFORNIA PUBLIC RECORDS ACT AND
DEPRIVATION OF CIVIL RIGHTS

18. Plaintiff has no way of knowing if his Y-component (that is, his "negotiated salary component") was based on his accomplishments in "in research, teaching, clinical service, and administrative work over the past period" because defendant Ascher refused to discuss or disclose the methodology she used. On information and belief, plaintiff alleges that defendant Ascher did not follow the requirement of Attachment 1 of the *Guidelines* that "Each individual will receive a negotiated salary component based on their accomplishments in research, teaching, and administrative work over the past review period..." Plaintiff alleges with certainty that defendant Ascher did not negotiate the "negotiated salary component" with him, as required by the *Guidelines*.

19. On October 8, 2008, plaintiff wrote to defendant Ascher asking for the "FY 2006-07 and FY 2007-08 compensation data for all faculty in the UCSF Department of Surgery" under the California Public Records Act. Ascher ignored this request. On November 21, 2007, counsel requested the documents on behalf of Dr. Karl. In November and December, the University provided some but not all of the public records requested. On December 17, 2007, counsel sent a detailed letter describing the public records that defendant Ascher and the University had not produced. This was followed up by further correspondence in January 2008. The University still refused, and continues to refuse, to provide the public records specified in counsel's letter of December 17, 2007, which is incorporated by reference.

20. As a direct and proximate result of the actions of defendants Ascher and the Regents, plaintiff has been deprived of rights secured under the United States Constitution. He has suffered the loss of compensation, damage to his reputation, damage to his professional standing and his right to practice his profession, and mental and emotional distress. He has been deprived of public records to which he is entitled under the California Public Records Act.

**FIRST CAUSE OF ACTION**
(Cal. Public Records Act, Gov. Code § 6250, *et seq.*)
(Against All Defendants)

21. Plaintiff incorporates the above allegations as if set forth in full.

22. California Government Code § 6253(a) provides that "Public records are open to inspection at all times during the office hours of the state or local agency and every person has a

-4-

right to inspect any public record, except as hereafter provided." Section 6254.8 provides that: "Every employment contract between a state or local agency and any public official or public employee is a public record which is not subject to the provisions of Sections 6254 and 6255."

23. In Section 6253(c), the Act says, "Each agency, upon a request for a copy of records, shall, *within 10 days* from receipt of the request, determine whether the request, in whole or in part, seeks copies of disclosable public records in the possession of the agency and shall *promptly* notify the person making the request of the determination and the reasons therefore." Emphasis added. Only in "unusual circumstances" may this time limit be extended and then only "by written notice by the head of the agency or his or her designee to the person making the request, setting forth the reasons for the extension and the date on which a determination is expected to be dispatched," and in no event may the notice "specify a date that would result in an extension for more than 14 days." Here, no such extension of time was ever granted.

24. Plaintiff requested public records to which defendants have only partially responded. Defendants are required to respond fully and completely to the public records request made by plaintiff, in a timely manner, but have failed to do so.

25. As a direct and proximate result of defendants' refusal to provide the public records requested by plaintiff, plaintiff has been deprived of documents to which he is entitled under the California Public Records Act.

**SECOND CAUSE OF ACTION**
(42 U.S.C. § 1983)
(Against All Defendants)

26. Plaintiff incorporates the above allegations as if set forth in full.

27. As a tenured professor who can be dismissed only for cause, plaintiff has a "property interest" in continued employment that can be "taken" only after he is afforded due process. *Roth v. Regents*, 408 U.S. 564 (1972). This "property interest" includes his right to continued and uninterrupted receipt of salary and benefits. Complete deprivation of plaintiff's salary is not required to deprive him of his property interest. A partial loss or salary or employment may constitute a "taking" for due process purposes. This occurred when defendant Ascher deprived Dr. Karl of his continued salary without adequate notice or opportunity to

-5-

respond, and without following the requirements of the *Health Sciences Compensation Plan*, as implemented in the Department of Surgery.

28. Plaintiff also had a due process right to have Dr. Ascher follow the *Health Sciences Compensation Plan*, which had been adopted by the Regents, and so was the equivalent of statutory law in California. By failing to provide plaintiff with a Statement of Proposed Compensation, and otherwise follow the requirements of the Plan, Dr. Ascher violated his right to due process of law.

29. The *Health Sciences Compensation Plan* significantly constrained the discretion of the Department of Surgery to make salary and compensation changes affecting plaintiff. These restrictions created expectations and entitlements which were more than sufficient to give rise to a property interest within the meaning of the due process clause. By depriving plaintiff of these legitimate expectations and entitlements without due process of law, defendant Ascher deprived him of rights secured by the United States Constitution.

## PUNITIVE DAMAGES

30. When the Department's five-year commitment to plaintiff ended, defendant Ascher demanded that he resign as Chief of the Division of Pediatric Cardiothoracic Surgery. Plaintiff demurred. He had been given no notice and had no opportunity to find other employment. Ascher was infuriated. She determined to cut his salary as a means to driving him out of the University, even though she knew that her actions and decisions violated the requirements of the *Health Sciences Compensation Plan* and his right to due process.

31. Defendant Ascher's conduct shows an evil motive and intent as well as reckless and callous indifference to plaintiff's federally protected rights, thus entitling him to an award of punitive damages against Ascher in her individual capacity.

## PRAYER FOR RELIEF

Plaintiff prays for the following relief:

1. For general damages according to proof;
2. For special damages according to proof;
3. For exemplary or punitive damages according to proof;

4. For declaratory and injunctive relief as determined to be appropriate;
5. For the costs of this action;
6. For attorneys fees;
7. For such other and further relief as deemed appropriate by the Court.

DATED: October 3, 2008

Respectfully submitted,

SINCLAIR LAW OFFICE
LAW OFFICE OF CHARLOTTE FISHMAN

By: *Charlotte Fishman*
CHARLOTTE FISHMAN

Attorneys for Plaintiff TOM R. KARL, M.D.

# EXHIBIT B

# Michael Laurenson

| | |
|---|---|
| From: | Schnetzler, Greta [GSchnetzler@legal.ucsf.edu] |
| Sent: | Friday, January 23, 2009 11:01 AM |
| To: | Mike Lucey; Michael Laurenson |
| Subject: | FW: Office of Marcia Canning |

Attachments: DOC011.PDF



DOC011.PDF (67 KB)

Here is the document attached below.

```
> _____
> From:     Dellner, Tom
> Sent:     Friday, January 23, 2009 10:56 AM
> To: Schnetzler, Greta
> Subject:  FW: Office of Marcia Canning
>
>
>
> CONFIDENTIALITY NOTICE: This message, and any documents attached to
> it, are intended for use by the addressee and may contain information
> that is privileged, confidential and exempt from disclosure under the
> law. If you are not the intended recipient, you are hereby notified
> that any disclosure, copying, distribution or the taking of any action
> in reliance on this information is strictly prohibited.
>
>
>
>
>
> _____
> From:     Dellner, Tom
> Sent:     Wednesday, January 14, 2009 11:42 AM
> To: 'Andrew Thomas Sinclair'
> Cc: Canning, Marcia (Legal)
> Subject:  Office of Marcia Canning
>
> Please find attached document from the Office of Marcia Canning, UCSF.
>
>
>   <<DOC011.PDF>>
>
> CONFIDENTIALITY NOTICE: This message, and any documents attached to
> it, are intended for use by the addressee and may contain information
> that is privileged, confidential and exempt from disclosure under the
> law. If you are not the intended recipient, you are hereby notified
> that any disclosure, copying, distribution or the taking of any action
> in reliance on this information is strictly prohibited.
>
>
>
```

|                                                                                                                         | POS-015 |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Andrew Thomas Sinclair (172681), 300 Frank H. Ogawa, # 160, Oakland, CA 94612,<br>Tel (510) 465-5300, Fax (510) 465-5356<br>Charlotte E. Fishman (88345), 100 Pine St. # 3300, San Francisco, CA 94111,<br>Tel (415) 217-7302, Fax (415) 271-7307<br>TELEPHONE NO.: FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): Plaintiff | FOR COURT USE ONLY |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco<br>STREET ADDRESS: 400 McAllister St.<br>MAILING ADDRESS: San Francisco, CA 94102<br>CITY AND ZIP CODE:<br>BRANCH NAME: | |
| PLAINTIFF/PETITIONER: Tom R. Karl, M.D.<br>DEFENDANT/RESPONDENT: Regents of University of California, et al. | |
| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>CGC-08-481485 |

TO (insert name of party being served): Nancy Ascher, M.D.

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: Papers described below mailed 12-24-08. This form and Summons sent via e-mail and U.S. Mail 1-8-09.

Andrew Thomas Sinclair

(TYPE OR PRINT NAME) ▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of (to be completed by sender before mailing):

1. [x] A copy of the summons and of the complaint.
2. [x] Other (specify):
    Notice of Case Management Conference and form; Judicial Mediation Program notice; ADR packet.

(To be completed by recipient):

Date this form is signed:
Marcia Canning
Attorney for Nancy Ascher, M.D.

▶ *Marcia J Canning* (signature)

(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1
Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL

Code of Civil Procedure
§§ 415.30, 417.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.USCourtForms.com